UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA.,

                        Plaintiff,

        – against –

RASHAWN WHIDBEE,

                        Defendant.

**ORDER**
19-cr-673 (ER)

Ramos, D.J.:

On September 18, 2019, a grand jury returned a three-count indictment charging Whidbee with Hobbs Act conspiracy, attempted Hobbs Act robbery, and murder through use of a firearm.  Doc. 2.

On January 20, 2021, the parties entered a plea agreement, whereby Whidbee pleaded guilty to a two-count superseding information, charging him with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 371 ("Count One"), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Two").  Doc. 3. The plea agreement further provided that neither party would request a sentence outside the Stipulated Guidelines Sentence of 120 months.

On May 10, 2021, Whidbee was sentenced to 60 months on Count One and 60 months on Count Two, which were to run consecutively for a total of 120 months.  *See* Doc. 43.

On October 13, 2022, Whidbee moved pursuant to 28 U.S.C. § 2255 to vacate his conviction on Count Two of the superseding information, arguing that under *United States v. Taylor*, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery is not a predicate crime of violence

under § 924(c). Doc. 44. In a January 16, 2023 letter to the Court, the Government agreed that Whidbee's conviction on Count Two should be vacated.[1]  Doc. 48.

The Court hereby finds that the 924(c) conviction cannot stand in light of *Taylor*. Accordingly, the motion for vacatur of Count Two is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 44.

It is SO ORDERED.

Dated:   February 9, 2023
         New York, New York

                                                          _____
                                                               Edgardo Ramos, U.S.D.J

---

[1] In a subsequent February 1, 2023 letter, the Government requested that the Court reinstate counts one and two of the original indictment—which respectively charged Whidbee with Hobbs Act conspiracy and attempted Hobbs Act robbery—following vacatur of Count Two of the superseding information. Doc. 50. As noted during the February 8, 2023 conference, the Court reserves judgment on this question until such time as the parties have briefed their arguments.