UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

RASHAWN WHIDBEE,

                Defendant.

**OPINION & ORDER**

19-cr-673 (ER)

RAMOS, D.J.:

      Following the Court's Order on February 9, 2023 which granted Rashawn Whidbee's § 2255 motion to vacate Count Two of the Superseding Information, Doc. 52, the Government moved to reinstate Counts One and Two of the Original Indictment, Doc. 53 at 1. For the reasons set forth below, the Court grants the Government's motion.

## I. BACKGROUND

      On September 27, 2014, Whidbee participated in an attempted robbery of gambling proceeds, during which one of his co-conspirators shot and killed an individual. Doc. 50 at 1. On September 18, 2019—nine days before the expiration of the statute of limitations—the Government filed a three-count indictment (the "Original Indictment") against Whidbee. Doc. 49 at 1. In the Original Indictment, Whidbee was charged with Hobbs Act conspiracy ("Count One"), attempted Hobbs Act robbery ("Count Two"), and murder through use of a firearm ("Count Three"). *Id.*; Doc. 50 at 1.

      Whidbee initially pled not guilty to all three counts in the Original Indictment. Doc. 44 at 1. However, Whidbee subsequently signed a plea agreement (the "Agreement") on January 20, 2021, in which he pled guilty to a two-count Superseding Information charging him with conspiracy to commit Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 371 and 18 U.S.C. 924(c), respectively. *Id.*; Doc. 50 at 1. As part of the Agreement, both parties

agreed that neither would request a sentence outside the Stipulated Guidelines Sentence of 120 months. *Id.* The Agreement also provided that:

> Should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

*Id.* at 1–2. On May 10, 2021, the Court sentenced Whidbee to 120 months of imprisonment and three years of supervised release, and it was only at this time that the Court dismissed the charges in the Original Indictment at the request of the Government. Doc. 41; Doc. 43.

On June 21, 2022, the Supreme Court decided *United States v. Taylor*, holding that an attempted Hobbs Act robbery cannot be used as a predicate crime of violence for a § 924(c) conviction. 142 S. Ct. 2015, 2021 (2022). Accordingly, Whidbee filed a § 2255 motion on October 13, 2022 asking this Court to vacate the second count of the Superseding Information—the § 924(c) count—since the attempted Hobbs Act robbery count no longer constituted a predicate crime of violence. Doc. 44 at 4. The Government agreed, Doc. 48 at 1, and this Court issued an order vacating Whidbee's § 924(c) conviction on February 9, 2023, Doc. 52.

At the same time, the Government moved to reinstate Counts One and Two of the Original Indictment: Hobbs Act conspiracy and attempted Hobbs Act robbery. Doc. 48 at 1; Doc. 53 at 1. In support of its motion, the Government cited two independent bases for reinstating the charges: the terms of the Agreement and 18 U.S.C. § 3296(a). For the foregoing reasons, the Court finds that both the Agreement and § 3296(a) allow the

Government to reinstate Counts One and Two of the Original Indictment; therefore, the Government's motion is granted.

## II.   THE PLEA AGREEMENT PROVIDES SUFFICIENT BASIS FOR REINSTATEMENT OF COUNTS ONE AND TWO.

The Agreement expressly provides that should a conviction under the Agreement be vacated for any reason, "any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be . . . reinstated . . . ." Doc. 50 at 1–2.  Because the Government agreed to dismiss only Counts One and Two of the Original Indictment at Whidbee's sentencing as a result of the Agreement, *id.* at 2, the Agreement's terms expressly permit those counts to be reinstated.

Whidbee highlights that only "prosecution[s] that [are] not time-barred by the applicable statute of limitations on the date of the signing of this agreement . . . may be . . . reinstated . . . ." Doc. 50 at 1–2.  Because the statute of limitations on Counts One and Two had run on September 27, 2019—long before Whidbee signed the Agreement on January 20, 2021—Whidbee argues that the counts were time-barred and cannot now be reinstated by the Government.  Doc. 56 at 3.

While true that the statute of limitations for these counts had run by the date he signed the Agreement, they were not time-barred.  The Government filed Counts One and Two of the Original Indictment on September 18, 2019, before the statute of limitations expired on September 27, 2019.  Those counts were not dismissed until May 10, 2021, *after* the Plea Agreement was signed on January 20, 2021.  Doc. 41; Doc 43.  Therefore, as of "the date of the signing of [the Agreement]," Counts One and Two were not time-barred.  Had the counts been filed in the first instance on the date of the Agreement, then they would have been time-barred.  But since Counts One and Two were "counts that the Government ha[d] agreed to dismiss at sentencing pursuant to this Agreement," Doc. 50 at 1–2, they may be reinstated.  *See United States v. Jones*, 541

3

F. Supp. 3d 325, 330 (S.D.N.Y. 2021) (interpreting a plea agreement with the exact same language as the Agreement, the Court explained that "the Government may seek reinstatement of charges dismissed at sentencing or bring new charges"); *id.* ("[C]harges that would have been timely when the plea agreement was executed are not now time-barred.").

### III.   18 U.S.C. § 3296 INDEPENENDTLY PERMITS THE GOVERNMENT TO REINSTATE COUNTS ONE AND TWO.

Even if the Agreement did not authorize the Government to reinstate these charges, 18 U.S.C. § 3296(a) does.  Section 3296(a) provides that charges "shall be reinstated by the District Court" if the charges were (1) filed within the applicable limitations period, (2) dismissed pursuant to a plea agreement approved by the District Court, (3) the guilty plea was subsequently vacated on the motion of the defendant, and (4) the Government moves to reinstate charges within 60 days.

Each of these four elements is satisfied here.  First, the Government initially charged Whidbee with Counts One and Two of the Original Indictment on September 18, 2019—nine days before the statute of limitations ran.  Doc. 56 at 3.  Second, as discussed above, the Government only agreed to dismiss Counts One and Two because Whidbee signed the Agreement.  Doc. 53 at 2.  Third, pursuant to his § 2255 motion, one count of Whidbee's guilty plea—the § 924(c) conviction—was vacated by this Court on February 9, 2023.  Doc. 52.  Fourth, the Government promptly moved to reinstate Counts One and Two of the Original Indictment on February 22, 2023, well within the 60-day window.  Doc. 53.  Accordingly, the Government may reinstate Counts One and Two of the Original Indictment under § 3296(a).  *See United States v. Godfrey*, No. 17 Cr. 511 (SHS), 2022 WL 4244245, at *3 (S.D.N.Y. Aug 4, 2022) (holding that the Government was permitted to reinstate dismissed charges under § 3296(a) following the vacatur of all counts in the defendant's guilty plea).

4

Whidbee argues that § 3296(a) does not apply. Unlike in *Godfrey* in which the defendant's entire guilty plea was vacated, the Court here vacated only one count of Whidbee's two-count guilty plea. Doc. 56 at 4. Whidbee argues that § 3296(a)(3) requires that a defendant's *entire* guilty plea be vacated. Doc. 56 at 5. Beyond distinguishing *Godfrey*, Whidbee provides no authority for this proposition.

As recently discussed in *United v. Rivera*, whether § 3296(a) requires that the entire guilty be vacated has not yet been decided in this Circuit. No. 8 Cr. 115 (NGG), 2023 WL 1766209, at *5 n.5 (E.D.N.Y. Feb. 3, 2023). Some courts in other circuits have implicitly suggested that § 3296 requires the entire guilty plea to be vacated, not merely a subset of the plea. *See United States v. Johnson*, 420 F. Supp. 3d 462, 469 (E.D. Va. 2019). But other courts have suggested otherwise, that vacatur of one count of a plea agreement in effect vacates the whole agreement. *See Ricks v. United States*, 921 F. Supp. 2d 501, 503 (E.D.N.C. 2013).

The Court finds *Ricks* more persuasive here. The Agreement, a result of negotiations between Whidbee and the Government, was predicated upon certain conditions that no longer exist. The Government agreed to dismiss all counts in the Original Indictment; in exchange, Whidbee agreed to plead guilty to the two counts in the Superseding Information. But now, as a result of new caselaw and Whidbee's § 2255 motion, count two of the Superseding Information has been dismissed by the Court. Doc. 52. As in *Ricks*, "[t]he application of these changes in the law drastically alters what the parties bargained for and in effect nullifies the plea agreement." *Ricks*, 921 F. Supp. 2d at 503. Consequently, even though Whidbee challenged and the Court vacated only one count of Whidbee's guilty plea, the result is that the entire plea—as initially agreed to by both parties—has been effectively nullified. Therefore, the requirements of § 3296(a)(3) have been satisfied, and the Government may reinstate Counts One and Two of the Original Indictment.

**IV.   CONCLUSION**

Pursuant to either the Agreement's terms or 18 U.S.C. § 3296(a), the Government's motion to reinstate Counts One and Two of the Original Indictment is GRANTED.

It is SO ORDERED.

Dated:   March 30, 2023
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.